Thomas J. Goddard
1910 N Main St #627
Walnut Creek, CA 94596
(415) 985-5539
thomas@goddard.app

*Plaintiff Pro Se*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS J. GODDARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERSERVER.NET, a New Jersey Corporation; HOST DEPARTMENT NJ, LLC, a New Jersey Limited Liability Company; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: _____<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. DEFAMATION<br><br>3. RIGHT OF PUBLICITY/ MISAPPROPRIATION OF LIKENESS<br><br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>5. NEGLIGENCE<br><br>DEMAND FOR JURY TRIAL<br><br>APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

Plaintiff THOMAS J. GODDARD ("Plaintiff"), appearing PRO SE, hereby brings this Complaint against Defendants INTERSERVER.NET and HOST DEPARTMENT NJ, LLC (collectively, "Defendants"), and DOES 1 through 10, inclusive, and alleges as follows:

# INTRODUCTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., defamation, misappropriation of likeness/right of publicity, intentional infliction of emotional distress, and negligence arising from Defendants' unlawful and harmful publication and hosting of defamatory content and unauthorized use of Plaintiff's photograph on the website spotlighthate.com.

2. Defendants host, maintain, and refuse to remove a website that falsely portrays Plaintiff as an anti-Muslim bigot and falsely attributes numerous inflammatory statements to him that he never made. The website uses Plaintiff's photograph without authorization and has caused substantial and irreparable harm to Plaintiff's personal and professional reputation, employment status, and mental well-being.

3. Plaintiff seeks injunctive relief, compensatory damages, statutory damages, punitive damages, costs, and attorneys' fees as a result of Defendants' willful and malicious conduct.

# PARTIES

4. Plaintiff THOMAS J. GODDARD is an individual who resides at 1910 N Main St #627, Walnut Creek, CA 94596, in the State of California.

5. Defendant INTERSERVER.NET is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at Englewood Cliffs, New Jersey.

6. Defendant HOST DEPARTMENT NJ, LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at PO BOX 1707, Englewood Cliffs, NJ 07632.

7. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein alleged, as well as for the damages alleged. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is the agent, servant, employee, or co-conspirator of each of the other Defendants, and in doing the things hereinafter alleged, acted within the scope

of such agency, employment, or conspiracy and with the permission and consent of the other Defendants. The true names and capacities of DOES 1 through 10, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. This Court also has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

10. Plaintiff is filing a simultaneous request for accommodation under the Americans with Disabilities Act (ADA) due to his documented disabilities, including a paralyzed vocal cord, cervical disk herniation, and asplenia (absence of a spleen), which makes him immunocompromised. These medical conditions necessitate that all proceedings in this matter be conducted remotely via videoconference or telephone.

## DISABILITY ACCOMMODATION REQUEST

11. Pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., Plaintiff requests reasonable accommodations from this Court due to his disabilities.

12. Plaintiff has multiple documented disabilities, including:
 (a) A paralyzed vocal cord that affects his ability to speak clearly for extended periods;
 (b) Cervical disk herniation causing severe neck pain that is exacerbated by travel;

  (c) Asplenia (absence of a spleen), which makes him immunocompromised with heightened susceptibility to infections, particularly during travel;

  (d) Processing time issues that affect his ability to respond immediately to complex verbal information.

13. These disabilities substantially limit one or more major life activities, including but not limited to speaking, breathing, and immune system function.

14. Plaintiff specifically requests the following accommodations:

  (a) Permission to appear remotely via videoconference or telephone for all court proceedings;

  (b) Additional time to respond verbally during court proceedings due to his vocal cord paralysis;

  (c) Written notices and communications for all court matters;

  (d) Permission to submit written statements in lieu of oral testimony when appropriate;

  (e) Scheduling of proceedings that allows for rest periods to manage neck pain.

15. These accommodations are necessary to provide Plaintiff with meaningful access to the judicial process and will not fundamentally alter the nature of the proceedings or impose an undue burden on the Court.

16. Plaintiff can provide medical documentation of these disabilities upon the Court's request.

## FACTUAL ALLEGATIONS

17. Plaintiff is a technology professional who until July 15, 2024, was employed as a Lead Staff Mobile Engineer at Slickdeals LLC. Plaintiff is also the founder and CEO of Neutrinos Platforms, Inc., a technology company developing mobile applications.

18. Plaintiff is Jewish and comes from a family of Holocaust survivors. This heritage is significant to the present case, as it makes the defamatory anti-Palestinian and anti-Muslim content falsely attributed to him particularly disturbing, offensive, and harmful both personally and professionally.

19. The website spotlighthate.com is hosted on Defendants' servers, using IP address 67.217.57.170, which belongs to Defendants.

20. The spotlighthate.com website displays Plaintiff's personal photograph without his

authorization or consent. This photograph was taken by Plaintiff and is his original creative work, in which he holds the copyright.

21. The website falsely attributes to Plaintiff numerous inflammatory statements that he never made, including but not limited to:

(a) "[Palestinians] lack basic respect for life, the awe and beauty of these loving creatures and all living things"

(b) "Just get rid of Gaza and the West Bank and turn them into casinos"

(c) "The Palestinians are nonexistent...Israelis are present. From this point forward, this is the accurate story."

(d) "Clean it up, turn the West Bank and Gaza into casinos, make them police themselves like Iraq."

22. The website falsely labels Plaintiff as an "Anti-Muslim Bigot," "Islamophobe," and uses other defamatory labels that harm his reputation.

23. Plaintiff has never made any of these statements, harbors no such views, and strongly condemns any form of bigotry, hatred, or discrimination.

24. On or about March 10, 2025, Plaintiff sent a detailed DMCA takedown notice and defamation complaint to Defendants via email to abuse@interserver.net, requesting the immediate removal of the defamatory content and unauthorized use of his photograph.

25. On or about March 11, 2025, Plaintiff sent a follow-up email to Defendants, informing them that X.com (formerly Twitter) had validated his copyright claim and removed identical content from their platform.

26. Despite these notices, Defendants have failed to remove the infringing and defamatory content or respond to Plaintiff's communications.

27. X.com's decision to remove the identical content after reviewing Plaintiff's copyright claim establishes the validity of Plaintiff's copyright ownership and the unauthorized nature of the use.

28. The defamatory content on spotlighthate.com has caused and continues to cause severe harm to Plaintiff, including:

(a) Wrongful termination from his employment at Slickdeals LLC after this defamatory content

was placed in his personnel file;

(b) Ongoing difficulty securing comparable employment;

(c) Damage to his professional reputation and standing in the technology community;

(d) Harassment and hostility from strangers who have seen the false content;

(e) Severe emotional distress, anxiety, and mental anguish, especially given his Jewish heritage and family history of Holocaust survival;

(f) Fear for his personal safety after experiencing property crimes, including vehicle theft, that appear connected to the online defamation campaign.

29. The defamatory statements published on spotlighthate.com are demonstrably false, as Plaintiff has never made any such statements, and are defamatory per se because they accuse Plaintiff of bigotry and falsely portray him as holding views that would harm his reputation and standing in his community and profession.

30. The theft of Plaintiff's car on or about July 12, 2024, occurred shortly after the defamatory content began circulating, suggesting a potential connection between the online defamation and real-world harassment targeting Plaintiff.

31. Plaintiff has received multiple hostile communications and has been subjected to intimidating behavior from strangers who have apparently been misled by the false information on spotlighthate.com.

32. Google has been contacted to de-index the defamatory content, but while that process is pending, the content remains visible and continues to cause ongoing harm to Plaintiff.

33. As the website hosting provider, Defendants have the ability and legal responsibility to remove infringing and defamatory content from their servers, especially after receiving proper notice.

34. Defendants' failure to act after receiving explicit notice of the copyright infringement and defamatory nature of the content constitutes willful blindness and negligence.

## FIRST CAUSE OF ACTION

(Copyright Infringement - 17 U.S.C. § 501)

(Against All Defendants)

35. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 34 above as though fully set forth herein.

36. Plaintiff is the owner of all right, title, and interest in and to the photograph of himself that appears on spotlighthate.com.

37. Plaintiff's photograph constitutes original material that is copyrightable under federal law.

38. Defendants have, without Plaintiff's permission, copied and reproduced Plaintiff's photograph on the spotlighthate.com website.

39. X.com has already recognized Plaintiff's copyright claim and has removed the same infringing content from its platform.

40. Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright law.

41. Defendants' infringement of Plaintiff's copyright has been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

42. Due to Defendants' acts of copyright infringement, Plaintiff has suffered and will continue to suffer damage.

43. Due to Defendants' acts of copyright infringement, Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement, or statutory damages under 17 U.S.C. § 504, at Plaintiff's election.

44. Plaintiff is further entitled to his attorney's fees and costs pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (Defamation)

### (Against All Defendants)

45. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 44 above as though fully set forth herein.

46. Defendants have published false and defamatory statements concerning Plaintiff on the spotlighthate.com website, including but not limited to:

(a) Falsely attributing anti-Palestinian statements to Plaintiff;

(b) Falsely labeling Plaintiff an "Anti-Muslim Bigot" and "Islamophobe";

(c) Falsely suggesting Plaintiff holds extremist and bigoted views.

47. These statements are false and were published with knowledge of their falsity or with reckless disregard for the truth.

48. These statements have exposed Plaintiff to hatred, contempt, ridicule, and obloquy, and have caused him to be shunned and avoided.

49. As a direct and proximate result of Defendants' defamatory statements, Plaintiff has suffered harm to his reputation, loss of employment, emotional distress, and other damages in an amount to be proven at trial, but no less than $2,000,000.

50. Plaintiff has notified Defendants that the statements are false and defamatory and has requested their removal, but Defendants have refused to remove the statements, demonstrating actual malice and entitling Plaintiff to punitive damages.

## THIRD CAUSE OF ACTION

### (Misappropriation of Likeness/Right of Publicity)

### (Against All Defendants)

51. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 50 above as though fully set forth herein.

52. Defendants have used Plaintiff's photograph, name, and likeness without his consent.

53. Defendants' use of Plaintiff's likeness has caused injury to Plaintiff's peace, happiness, feelings, goodwill, and professional reputation.

54. Defendants knew that they did not have permission to use Plaintiff's image and did so with oppression, fraud, and malice.

55. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $1,000,000.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(Against All Defendants)

56. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 55 above as though fully set forth herein.

57. Defendants' conduct in publishing and maintaining false, defamatory, and inflammatory statements about Plaintiff, particularly given his Jewish heritage and family history as Holocaust survivors, was extreme and outrageous.

58. Defendants intended to cause, or recklessly disregarded the probability of causing, Plaintiff severe emotional distress.

59. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered severe emotional distress, including but not limited to anxiety, fear, humiliation, and anguish.

60. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $1,000,000.

## FIFTH CAUSE OF ACTION

(Negligence)

(Against All Defendants)

61. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 60 above as though fully set forth herein.

62. Defendants owed Plaintiff a duty of care to promptly investigate and remove infringing and defamatory content from their servers upon receiving proper notice.

63. Defendants breached this duty by failing to remove the infringing and defamatory content after receiving Plaintiff's multiple notices.

64. As a direct and proximate result of Defendants' breach, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but no less than $500,000.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

65. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 64 above as though fully set forth herein.

66. Plaintiff will likely succeed on the merits of his claims for copyright infringement, defamation, misappropriation of likeness, intentional infliction of emotional distress, and negligence.

67. Plaintiff is suffering irreparable harm due to the ongoing publication of the defamatory content, which cannot be adequately compensated by money damages alone, including damage to his reputation, employment prospects, and mental well-being.

68. The balance of equities strongly favors Plaintiff as the harm he is suffering far outweighs any burden to Defendants in removing the defamatory content from their servers.

69. A temporary restraining order and preliminary injunction would serve the public interest by preventing the continued publication of false and defamatory content.

70. Plaintiff therefore requests that the Court issue a temporary restraining order and preliminary injunction ordering Defendants to immediately remove all content concerning Plaintiff from the spotlighthate.com website.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1. For a temporary restraining order and preliminary injunction ordering Defendants to immediately remove all content concerning Plaintiff from the spotlighthate.com website;

2. For a permanent injunction prohibiting Defendants from publishing, hosting, or otherwise displaying Plaintiff's photograph, name, or any false statements about Plaintiff;

3. For actual damages according to proof;

4. For statutory damages for copyright infringement in the amount of $150,000 pursuant to 17 U.S.C. § 504(c);

5. For compensatory damages in an amount no less than $4,500,000;

6. For punitive damages in an amount no less than $9,000,000;

7. For costs of suit, including reasonable attorneys' fees, as provided by law;

8. For pre-judgment and post-judgment interest as provided by law; and

9. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 5, 2025                    Respectfully submitted,

*[signature]*
-----------------------------------
THOMAS J. GODDARD, PRO SE

1910 N Main St #627

Walnut Creek, CA 94596

(415) 985-5539

thomas@goddard.app

# VERIFICATION

I, Thomas J. Goddard, declare:

I am the plaintiff in this action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5, 2025, at Walnut Creek, California.

------------------------------------
THOMAS J. GODDARD